UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
RICHARD J. MCCORD, as Chapter 7 Trustee of the Estate of AMEER MOHAMEAD HANIFF a/k/a AMEER MOHAMMED HANIFF a/k/a ANEER HANIFF,

         Plaintiff,

 -against-

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

         Defendant.
------------------------------------------------------------------- x

REPORT AND RECOMMENDATION

23-CV-5262 (MKB)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

  Plaintiff Richard J. McCord, Chapter 7 Trustee of the Estate of Ameer Mohamead Haniff ("Haniff"), sued Government Employees Insurance Company ("GEICO"), alleging common law breach of contract and bad faith after GEICO allegedly failed to defend Haniff in a personal injury action. (June 26, 2023 Order, ECF No. 10.)[1] The Honorable Margo K. Brodie granted GEICO's motion to dismiss the bad faith claim as duplicative of the breach of contract claim. (Aug. 26, 2024 Order, ECF No. 51.) Before the Court is Plaintiff's motion to amend the Complaint to plead claims for "breach of contract and bad faith" and "punitive damages," which GEICO opposes. (Pl.'s Mot., ECF No. 55; Def.'s Opp'n, ECF No. 58; Pl.'s Reply, ECF No. 59; Def.'s Sur-reply, ECF No. 60-3.) For the reasons set forth below, the Court respectfully recommends that the motion to amend should be **denied**.

---

[1] All citations to documents filed on ECF are to the ECF document number (i.e., "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

I. **BACKGROUND**

A. **Facts**

The following facts are taken from the proposed Amended Complaint and are assumed true for the purposes of this motion.

At all relevant times, GEICO issued an automobile liability insurance policy (the "Policy") to Haniff's mother S. Jugernauth-Haniff ("Mrs. Haniff"), and Haniff was a covered person under the Policy. (Proposed Am. Compl., ECF No. 55-2 ¶¶ 7, 9.) Pursuant to the Policy, GEICO was required to "indemnify against any claims brought by parties claiming injury or damages," "defend against any lawsuits arising out of such claims," and "retain legal counsel on behalf of an insured who is sued or against whom a claim is made arising out of a covered event." (*Id.* ¶¶ 13–14.)

On June 26, 2016, while driving a vehicle covered under the Policy, Haniff accidentally struck Mario Umana ("Umana"), allegedly causing injuries including the loss of Umana's leg and "loss of services" to Umana's spouse. (*Id.* ¶¶ 15–16.) Plaintiff alleges that GEICO was notified of Umana's claim and apprised by Umana's counsel of Umana's intention to file a lawsuit, which would trigger GEICO's contractual duty under the Policy to defend Haniff. (*Id.* ¶¶ 17–21.) As of August 2016, Umana declined a $25,000 settlement offer from GEICO. (*Id.* ¶ 21.)

In September 2016, Umana sued Haniff, Mrs. Haniff, and other insureds under the Policy in Queens County Supreme Court (the "Underlying Action"). (*Id.* ¶ 24.) Mrs. Haniff faxed a copy of the Underlying Action's summons and complaint to GEICO shortly after it was served, but GEICO never responded to the lawsuit or retained counsel for Haniff. (*Id.* ¶¶ 26–28.) In December 2016, GEICO mailed a status letter to Mrs. Haniff, who in turn faxed

a copy of the summons with the GEICO claim number to GEICO on December 16, 2016. (*Id.* ¶¶ 29–30.) GEICO did not disclaim coverage in 2016. (*Id.* ¶ 37.)

Umana moved for default judgment in the Underlying Action on March 7, 2017. (*Id.* ¶ 38.) Despite knowing that default was requested, GEICO did not take action to defend Haniff. (*Id.* ¶¶ 39–43.) In April 2017, the court in the Underlying Action granted Umana's motion. (*Id.* ¶ 44.) Umana's attorney informed GEICO that the motion had been granted, and as of May 2017, GEICO's internal records reflected that Haniff and his mother had been served with the summons and complaint. (*Id.* ¶¶ 45–47.) GEICO still did not defend Haniff and did not inform Haniff or his mother that default judgment had been entered against Haniff. (*Id.* ¶¶ 48–50.) On January 7, 2019, the court in the Underlying Action "issued a verdict" (*i.e.*, default judgment) against Haniff in the amount of $10 million plus statutory interest. (*See id.* ¶ 83.) On April 16, 2019, GEICO issued a letter to Mrs. Haniff disclaiming coverage in the Underlying Action.[2] (*Id.* ¶ 99.)

### B.     Relevant Procedural Background

In October 2019, Haniff filed for bankruptcy protection in the Bankruptcy Court of this district and McCord was appointed as Chapter 7 Trustee of Haniff's estate. (*See* June 26, 2023 Order, ECF No. 10 at 1.) In October 2022, Plaintiff filed a complaint against GEICO in the Bankruptcy Court, alleging breach of contract and bad faith. (*Id.*) On June 26, 2023, the Court granted GEICO's motion to withdraw the reference to the bankruptcy proceeding. (*Id.* at 18.)

---

[2] On May 20, 2019, GEICO paid its $25,000 policy limit to Umana, his wife, and his counsel. (Aug. 26, 2024 Order, ECF No. 51 at 4.)

3

GEICO subsequently moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on November 6, 2023. (ECF No. 20.) While that motion was pending, on November 15, 2023, the Court entered an order adopting the parties' proposed case management deadlines, including that "motions to amend pleadings" should be filed within 45 days of decision on GEICO's Rule 12(c) motion. (Discovery Order, ECF No. 29 § C.2.) On August 26, 2024, the Court granted in part and denied in part GEICO's motion for judgment on the pleadings. (Aug. 26, 2024 Order, ECF No. 51.) As a result, motions to amend the pleadings were due 45 days later, or by October 10, 2024. (Discovery Order, ECF No. 29 § C.2.)

On October 8, 2024, Plaintiff filed the Amended Complaint (*not* a motion to amend) without seeking leave of the Court. (Am. Compl., ECF No. 52; *see also* Holton Decl. Ex. 3, ECF No. 58-4 (redline copy of the proposed amendments).) On October 14, 2024, Plaintiff filed the instant motion seeking leave to amend pursuant to Rule 15(a) and for an extension of the deadline to seek leave to amend pursuant to Rule 6(b)(1)(B). (Pl.'s Mot., ECF No. 55.)

In the proposed Amended Complaint, Plaintiff adds factual allegations based on information obtained through discovery, including but not limited to, GEICO's knowledge about the Underlying Action between 2016 and 2019 (Proposed Am. Compl., ECF No. 55-2 ¶¶ 82, 102); GEICO's "false narrative scheme" in the claims review process "in order to disclaim its obligation to defend" against the Underlying Action (*id*. ¶¶ 87–98); and GEICO's "false, inaccurate and incomplete" disclaimer sent on April 16, 2019 (*id.* ¶¶ 99–108). The proposed Amended Complaint also includes two causes of action: first, for "breach of contract and bad faith," and second, for "punitive damages." (*Id.* ¶¶ 156–69.)

4

## II. DISCUSSION

### A. Rule 16[3]

The Court finds that Plaintiff has failed to demonstrate good cause for leave to amend.

Pursuant to Rule 16, the Court must issue a scheduling order to limit the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(3)(A). "'Where . . . a scheduling order governs amendments to the complaint,' and a plaintiff wishes to amend after the deadline to do so has passed, the plaintiff must show good cause to modify the deadline under Rule 16." *BPP Illinois, LLC v. Royal Bank of Scotland Grp. PLC*, 859 F.3d 188, 195 (2d Cir. 2017) (quoting *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009)); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

"Good cause in this context depends on the diligence of the moving party, and, to satisfy the standard, the movant must demonstrate that it has been diligent in its effort to meet the Court's deadlines." *Klinkowitz v. Jamaica Hosp. Med. Ctr.*, No. 20-CV-4440 (EK)(SJB), 2022 WL 818943, at *2 (E.D.N.Y. Mar. 17, 2022) (cleaned up). In other words, "[t]o satisfy the good cause standard the party must show that, despite its having exercised diligence, the

---

[3] Plaintiff incorrectly seeks leave to amend pursuant to Rule 6(b). (*See* Pl.'s Mem., ECF No. 55-6 at 10.) With some exceptions not applicable here, the Court may extend the time to act "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). However, when the Court enters a Rule 16 order setting deadlines to seek leave to amend, then Rule 16, not Rule 6, governs any amendment to the deadlines. *See, e.g.*, *Emengo v. Stark*, 774 F. App'x 26, 28 (2d Cir. 2019) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.") (cleaned up); *Agoliati v. Block 865 Lot 300 LLC*, No. 19-CV-5477 (WFK)(LB), 2021 WL 3193239 (E.D.N.Y. Apr. 20, 2021), *R. & R. adopted*, No. 19-CV-5477 (WFK) (TAM), 2021 WL 3188397 (E.D.N.Y. July 27, 2021).

applicable deadline could not have been *reasonably* met." *Lamothe v. Town of Oyster Bay*, No. 08-CV-2078 (ADS) (AKT), 2011 WL 4974804, at *6 (E.D.N.Y. Oct. 19, 2011) (emphasis added). "Further, although 'the primary consideration is whether the moving party can demonstrate diligence[,] . . . [t]he district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants.'" *Klinkowitz*, 2022 WL 818943, at *3 (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)).

It is undisputed that Plaintiff's motion is untimely. The deadline for motions to amend the pleadings, as proposed by the parties and adopted by the Court, was October 10, 2024. (Discovery Order, ECF No. 29 § C.2.) Plaintiff's motion was filed on October 14, 2024, four days later. Therefore, absent good cause shown, amendment should not be permitted.

Plaintiff nonetheless argues that he has demonstrated good cause for failing to meet the Rule 16 deadline because his counsel's illness in mid-August 2024 combined with his busy schedule as a solo practitioner caused him to "misread" the Discovery Order. (Pl.'s Mem., ECF No. 55-6 at 10; Pl.'s Reply, ECF No. 59 at 2.) While these circumstances are sympathetic, counsel does not address how this illness in August 2024 prevented him from drafting a motion seeking leave to amend (or leave to extend the deadline) before October 10, 2024, particularly where he was still able to otherwise complete depositions. *See Snellinger v. Fed. Nat'l Mortg. Ass'n*, No. 7:19-CV-6574 (NSR) (VR), 2023 WL 4760583, at *2 (S.D.N.Y. July 26, 2023) (concluding that counsel's health issues did not demonstrate good cause to explain untimely motion to add parties because counsel recovered and was able to work full day weeks before the filing deadline).

6

Plaintiff also argues that he was diligent in seeking to amend based on production of GEICO's "A-Log business record." (Pl.'s Mem., ECF No. 55-6 at 3.) According to Plaintiff, even though that GEICO produced the unredacted A-Log on December 15, 2023, he believed that any amendment based on the A-Log should wait until after decision on GEICO's motion for judgment on the pleadings, that any motion to amend during that period would have been denied, and that the records required deposition testimony to understand the scope of GEICO's alleged fraudulent conduct. (Pl.'s Reply, ECF No. 59 at 3–4.) The Court is not persuaded. "[T]he good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Weisshaus v. Port Auth. of New York & New Jersey*, No. 21-CV-2062 (ENV)(SJB), 2023 WL 3603414, at *3 (E.D.N.Y. May 23, 2023) (cleaned up). The records Plaintiff received in December 2023, over 10 months before seeking leave to amend, describe the basis for the proposed amendments: *i.e.*, that Mrs. Haniff had, in fact, notified GEICO about the Underlying Action. (*See* Kaminski Decl. Ex. C, ECF No. 55-4 (excerpt of A-Log).) The record before the Court also does not reflect any efforts by counsel to either obtain GEICO's consent to amend the complaint based on deficiencies identified in GEICO's motion for judgment on the pleadings, or to confer with GEICO about requesting to extend the deadline to seek leave to amend the complaint. As such, Plaintiff has failed to demonstrate that "despite [his] having exercised diligence, the applicable deadline could not have been reasonably met." *Lamothe*, 2011 WL 4974804, at *6.

Finally, Plaintiff argues that because GEICO was not prejudiced by the late filing, Plaintiff has demonstrated good cause. (Pl.'s Reply, ECF No. 59 at 2–3.) However, "[t]hat defendants suffered no prejudice does not change the fact that plaintiffs failed to pursue amendment with diligence." *Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013).

7

Therefore, the Court finds that Plaintiff has failed to show good cause to modify the Rule 16 deadline, and respectfully recommends that amendment should be denied on that basis.[4]

### B. Rule 15

Even if this Court concluded that Plaintiff's motion is timely, leave to amend should be denied because the proposed amendment is futile.

After the time expires for amending a pleading as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Cummings-Fowler v. Suffolk Cnty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012) (citations omitted)).

"Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact." *AEP Energy Servs.*

---

[4] Notably, denying amendment based on a Rule 16 violation does not necessarily preclude Plaintiff from using facts adduced in discovery.

> Plaintiffs may go to trial based on facts adduced in discovery, and Defendants may object at trial that the facts deviate so significantly from the operative pleading that they are prejudiced. Plaintiffs can then move to amend under Rule 15(b)(1) and the Court may take appropriate action then either to grant or deny the amendment, grant Defendants curative relief, or some combination thereof. That is the entire purpose of Rule 15(b).

*McCree v. City of New York*, No. 21-CV-2806 (EK)(SJB), 2023 WL 1825184, at *3 (E.D.N.Y. Feb. 8, 2023).

8

*Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).") "Because the legal standard for futility is identical to the standard for dismissing a claim pursuant to Rule 12(b)(6), a court evaluating a motion to amend a pleading 'must take the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff.'" *Steele v. Paypal, Inc.*, No. 05-CV-1720 (ILG)(VVP), 2006 WL 3612852, at *1 (E.D.N.Y. Dec. 11, 2006) (citing *Gallegos v. Brandeis Sch.*, 189 F.R.D. 256, 258 (E.D.N.Y. 1999)).

*First*, the proposed Amended Complaint fails to plausibly allege sufficient facts to state a claim for punitive damages related to a breach of contract. "[I]n order to recover punitive damages for breach of contract, a plaintiff must establish that the defendant's conduct: (1) is actionable as an independent tort; (2) was sufficiently egregious; and (3) was directed not only against the plaintiff, but was part of a pattern of behavior aimed at the public generally." *Leviton Mfg. Co. v. Reeve*, 942 F. Supp. 2d 244, 270 (E.D.N.Y. 2013), *amended* (Mar. 23, 2013) (citing *Rocanova v. Equitable Life Assurance Soc'y of the U.S.*, 83 N.Y.2d 603, 613 (N.Y. 1994)). "'Punitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights,'" and such damages are recoverable "when the breach also involved a particularly egregious fraud that 'was aimed at the public generally.'" *TVT Recs. v. Island Def Jam Music Grp.*, 412 F.3d 82, 94 (2d Cir. 2005) (quoting *Rocanova*, 83 N.Y.2d at 613).

The proposed Amended Complaint fails to plead that GEICO's allegedly fraudulent conduct constituted a pattern or had any intended or inadvertent effect on the public. For

9

example, the proposed Amended Complaint alleges that "GECIO decision makers instructed GEICO claims employees to construct a false factual narrative scheme in order to disclaim its obligation to defend against *the underlying Umana lawsuit*," that "such scheme included instructing claims employees to 'cherry pick' or selectively chose certain documents from *the claims file* and ignore certain other documents," and that GEICO purposely ignored documentation and information *in the Umana claims file* that established that GEICO had notice of *the Umana Lawsuit filed in state Supreme Court*." (Proposed Am. Compl., ECF No. 55-2 ¶¶ 88–89, 94 (emphasis added).) These allegations relate solely to GEICO's actions with respect to Haniff's policy and related claims, not to the public at large.

Nevertheless, Plaintiff argues that punitive damages are appropriate in contract cases, even when the breach is not aimed at the public. (Pl.'s Mem., ECF No. 55-6 at 9 (citing, *inter alia*, *Aero Garage Corp. v. Hirschfeld*, 586 N.Y.S.2d 611 (1st Dep't 1992) and *Williamson, Picket, Gross, Inc. v. Hirschfeld*, 460 N.Y.S.2d 36 (1st Dep't 1983)). However, "*Aero Garage* and *Williamson* were decided at a time when New York law was at best ambiguous as to whether conduct directed at the general public was necessary to recover for breach of contract." *TVT Recs.*, 412 F.3d at 94; *see also N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 315 (N.Y. 1995) (punitive damages are recoverable in contract action only "if necessary to vindicate a public right"). Plaintiff's reliance on other cases where punitive damages were permitted is misplaced. (Pl.'s Reply, ECF No. 59 at 4–6.) In *Pergament v. GEICO*, 225 A.D.3d 799 (2d Dep't 2024), the court allowed a demand for punitive damages for bad faith failure to settle and breach of contractual covenant of good faith and fair dealing because the complaint alleged that GEICO's conduct was aimed at the public generally. (*See* Def.'s Sur-reply Ex. A., ECF No. 60-3 at 37 ¶ 129 (*Pergament* complaint alleging that "in hundreds if not thousands of cases

10

across New York State and nationwide, Defendant GEICO regularly engages in a corporate-wide policy, pattern and practice of bad faith refusals to settle claims against its insureds within the applicable policy limits . . . .").) Similarly, in *Perlbinder v. Vigilant Ins. Co.*, 190 A.D. 3d 985 (2d Dep't 2021), the complaint alleged the defendant insurer's "bad faith in its claims practices . . . which is a pattern of abusive conduct by [the insurer] toward [plaintiff] and [the insurer's] New York insureds who suffered damage from [Superstorm] Sandy only to be further victimized by [the insurer]." (*Id.* Ex. B., ECF No. 60-3 at 55 ¶ 5 (*Perlbinder* complaint).)

*Second*, the proposed amendments fail because "it is well settled under New York law that punitive damages may not be asserted as a separate cause of action." *Henry v. Concord Limousine, Inc.*, No. 13-CV-494 (JS)(WDW), 2014 WL 297303, at *5 (E.D.N.Y. Jan. 24, 2014); *Unger Realty Servs., Inc. v. Pashtrik Realty Corp.*, 304 A.D.2d 655, 655–56, 757 N.Y.S.2d 499, 500 (2d Dep't 2003) (dismissing counterclaim for punitive damages in breach of contract case because "there is no separate cause of action for punitive damages for pleading purposes"). Indeed, "[P]laintiff concedes that the separate cause of action for punitive damages was redundant." (Pl.'s Reply, ECF No. 59 at 5.) Nonetheless, Plaintiff argues that while New York does not recognize a separate and distinct "cause of action" for punitive damages, it does recognize a "claim" for punitive damages. (*Id.*) However, the cases cited by Plaintiff either exclude contract claims or rely on other states' laws. *E.g.*, *Bennett v. State Farm Fire & Cas. Co.*, 78 N.Y.S.3d 169 (2d Dep't 2018) (punitive damages permitted under gross negligence cause of action; no breach of contract was asserted); *Gershman v. Ahmad*, 67 N.Y.S.3d 663 (2d Dep't 2017) (personal injury action alleging negligence); *2015 Freeman LLC v. Seneca Specialty Ins. Co.*, 136 A.D.3d 531, 531 (1st Dep't 2016) (applying Ohio law).

11

Accordingly, the Court finds that the proposed Amended Complaint is futile.

### III. CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiff's motion to amend the Complaint should be **denied**.

A copy of this Report and Recommendation is being served on all parties via ECF. Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Chief Judge Brodie. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
February 6, 2025

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge