UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

RICHARD J. MCCORD, as Chapter 7 Trustee of the Estate of AMEER MOHAMEAD HANIFF a/k/a AMEER MOHOMMED HANIFF a/k/a ANEER HANIFF,

                        Plaintiff,

                        v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

                        Defendant.

**ORDER**
23-CV-5262 (MKB) (MMH)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Richard J. McCord, Chapter 7 Trustee of the Estate of Ameer Mohamead Haniff ("Haniff"), commenced the above-captioned action against Defendant Government Employees Insurance Company ("GEICO"), alleging common law breach of contract and bad faith after GEICO allegedly failed to defend Haniff in a personal injury action. (June 26, 2023 Decision, Docket Entry No. 10.) In October of 2019, Haniff filed for bankruptcy protection in the Bankruptcy Court of the Eastern District of New York, and McCord was appointed as Chapter 7 Trustee of Haniff's estate. (*Id.* at 1.) In October of 2022, Plaintiff filed a complaint against GEICO in the Bankruptcy Court, alleging breach of contract and bad faith. (*Id.*) On November 6, 2023, GEICO moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Def.'s Mot. for J. on the Pleadings, Docket Entry No. 20.) On August 26, 2024, the Court granted GEICO's motion for judgment on the pleadings as to Plaintiff's bad faith claim as duplicative of his breach of contract claim ("August 2024 Decision"). (Aug. 26, 2024 Decision, Docket Entry No. 51.) On October 14, 2024, Plaintiff moved to amend the Complaint

to add factual allegations based on information obtained through discovery and to plead claims for "breach of contract and bad faith" and "punitive damages."[1] GEICO opposed the motion.[2] By report and recommendation dated February 6, 2025, Magistrate Judge Marcia M. Henry recommended that the Court deny Plaintiff's motion to amend the Complaint (the "R&R"). (R&R 1, 12, Docket Entry No. 63.)

No objections to the R&R have been filed and the time for doing so has passed.

**I. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule (quoting *Mario*, 313 F.3d at 766)); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir.

---

[1] (Pl.'s Mot. to Amend Compl. ("Pl.'s Mot."), Docket Entry No. 55; Decl. of Robert Kaminski ("Kaminski Decl."), annexed to Pl.'s Mot., Docket Entry No. 55-1; Proposed Am. Compl., annexed to Kaminski Decl. as Ex. A, Docket Entry No. 55-2; Pl.'s Mem. in Supp. of Pl.'s Mot., Docket Entry No. 55-6.)

[2] (Def.'s Opp'n to Pl.'s Mot., Docket Entry No. 58; Def.'s Sur-Reply in Further Opp'n to Pl.'s Mot., Docket Entry No. 60-3.)

2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court adopts the R&R in its entirety and denies Plaintiff's motion to amend the Complaint.

Dated: March 3, 2025
      Brooklyn, New York

SO ORDERED:

_____/s/ MKB_____
MARGO K. BRODIE
United States District Judge

3